David J. Kaminski (SBN 125509)
Kaminskid@cmtlaw.com
J. Grace Felipe (SBN 190893)
Felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
PROGRESSIVE FINANCIAL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS,<br><br>    Plaintiff,<br><br>vs.<br><br>PROGRESSIVE FINANCIAL SERVICES, INC.,<br><br>    Defendant. | CASE NO. 5-12-cv-01337-DSF-OP<br><br>**ANSWER TO COMPLAINT** |

## ANSWER TO COMPLAINT

Defendant PROGRESSIVE FINANCIAL SERVICES, INC. (hereinafter "Defendant") hereby answers the Complaint of Plaintiff JOSCELIN B. THOMAS ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

1.  Defendant admits that Plaintiff has brought an action asserting a claim for damages under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681, *et seq.*, however; Defendant denies any violation of the FCRA or wrongdoing whatsoever.

/ / /

/ / /

1

## JURISDICTION

2. Defendant admits that this Court has jurisdiction over Plaintiff's federal law claims. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies the same at the present time.

## VENUE

4. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore, denies the same at the present time.

5. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore, denies the same at the present time.

## PARTIES

6. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore, denies the same at the present time.

7. Defendant admits that it has an office at 1919 W. Fairmont Dr., Building 8, Tempe, Arizona 85282. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATION

8. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same at the present time.

9. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore, denies the same at the present time.

10.   Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS PFSI

11.   Defendant incorporates by reference its responses to Paragraphs 1 through 10, above as if set forth herein.

12.   Defendant asserts that the allegations in Paragraph 12 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required.  To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time. Defendant also denies the allegations on the grounds that they call for a legal conclusion.

13.   Defendant asserts that the allegations in Paragraph 13 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required.  To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time. Defendant also denies the allegations on the grounds that they call for a legal conclusion.

14.   Defendant asserts that the allegations in Paragraph 14 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required.  To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time. Defendant also denies the allegations on the grounds that they call for a legal conclusion.

/ / /

/ / /

/ / /

15. Defendant asserts that the allegations in Paragraph 15 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time. Defendant also asserts that the FCRA speaks for itself.

16. Defendant asserts that the allegations in Paragraph 16 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

17. Defendant responds to the allegations in Paragraph 17, including subparts "A" through "O", as follows:

    A. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 17, subpart "A" of Plaintiff's Complaint, and therefore, denies the same at the present time.

    B. Defendant admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 17, subpart "B" of Plaintiff's Complaint.

    C. Defendant admits the allegations contained in Paragraph 17, subpart "C" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

    D. Defendant admits the allegations contained in Paragraph 17, subpart "D" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

E. Defendant admits that Plaintiff did not owe a debt to Defendant as alleged in Paragraph 17, subpart "E" of Plaintiff's Complaint, and Defendant admits that it attempted to collect a debt owed by Plaintiff to a third-party.

F. Defendant admits that Plaintiff did not owe a debt to Defendant as alleged in Paragraph 17, subpart "F" of Plaintiff's Complaint, and Defendant admits that it attempted to collect a debt owed by Plaintiff to a third-party.

G. Defendant admits the allegations contained in Paragraph 17, subpart "G" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

H. Defendant admits the allegations contained in Paragraph 17, subpart "H" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

I. Defendant admits that Plaintiff did not owe a debt to Defendant as alleged in Paragraph 17, subpart "I" of Plaintiff's Complaint, and Defendant admits that it attempted to collect a debt owed by Plaintiff to a third-party.

J. Defendant admits the allegations contained in Paragraph 17, subpart "J" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

K. Defendant admits the allegations contained in Paragraph 17, subpart "K" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

L. Defendant admits the allegations contained in Paragraph 17, subpart "L" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

M. Defendant admits the allegations contained in Paragraph 17, subpart "M" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

N. Defendant admits the allegations contained in Paragraph 17, subpart "N" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

O. Defendant admits the allegations contained in Paragraph 17, subpart "O" of Plaintiff's Complaint. Defendant also admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from Experian.

18. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint, and therefore, denies the same at the present time.

19. Defendant admits that it had a permissible purpose under the FCRA in obtaining Plaintiff's credit information from a credit reporting agency. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

///

Defendant denies that Plaintiff is entitled to a judgment in her favor, and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.  As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any provisions of 15 U.S.C. § 1681 *et seq*.

### THIRD AFFIRMATIVE DEFENSE

3.  As a separate, affirmative defense, Defendant alleges that Plaintiff has no private right of action under the Fair Credit Reporting Act.

### FOURTH AFFIRMATIVE DEFENSE

4.  As a separate, affirmative defense, Defendant alleges that alleged mental anguish alone does not support damages under the Fair Credit Reporting Act.

### FIFTH AFFIRMATIVE DEFENSE

5.  As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### SIXTH AFFIRMATIVE DEFENSE

6.  As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff, if any there were.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that it possessed a permissible purposes pursuant to 15 U.S.C. §1681b of the FCRA in obtaining Plaintiff's consumer report from a consumer reporting agency.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that a consumer reporting agency may furnish a consumer report to a person "who intends to use the information in connection with a credit transaction involving the consumer on whom the information is being furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. §1681b(a)(3)(A).

### TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that a debt collector has a permissible purpose to obtain a consumer report for the purpose of collecting a consumer's debt.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

/ / /

/ / /

/ / /

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges that a *pro per* plaintiff cannot recover attorneys' fees under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant PROGRESSIVE FINANCIAL SERVICES, INC. demands a jury trial in this case.

DATED: January 10, 2013          CARLSON & MESSER LLP

By /s/ J. Grace Felipe
David J. Kaminski
J. Grace Felipe
Attorneys for Defendant,
PROGRESSIVE FINANCIAL SERVICES, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **January 11, 2013,** I served the foregoing document(s) described as: **ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

[X]  **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]  **PERSONAL SERVICE BY HAND:** I personally served such document to address stated on POS Service List.

[ ]  **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[ ]  **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **11th** day of **January, 2013,** at Los Angeles, California.

*Kathryn A. Brown*
Kathryn A. Brown

1
PROOF OF SERVICE

## SERVICE LIST
## Thomas, Joscelin B. v. Progressive Financial Services, Inc.
### File No.: 07366.00

| | |
|---|---|
| Joscelin B. Thomas<br>14626 Red Gum Street<br>Moreno Valley, CA  92555<br>Tele: (951) 616-0044<br>Email: joscelin.thomas@gmail.com | **Plaintiff Pro Se** |